UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 NOV 29  PM 3: 23

LORETTA G. WHYTE
CLERK

EMERSON SIMMONS : CIVIL ACTION No.

VERSUS :

RELIANCE STANDARD LIFE : 07-9206
INSURANCE COMPANY

SECT. S MAG. 5

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PETITION FOR REMOVAL

Reliance Standard Life Insurance Company ("Reliance Standard"), timely files this notice of removal pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 1132(e) and 28 U.S.C. § 1441(a), (b) and (c), removing the above-captioned matter from the 24th Judicial District Court, Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and avers as follows:

1. This action was commenced by plaintiff on or about October 25, 2007 in the 24th Judicial District Court, Parish of Jefferson, State of Louisiana.

2. A copy of the complaint was served on Reliance Standard on November 13, 2007.

3. This action involves a claim for disability benefits under a group long term disability policy that was issued by Reliance Standard to plaintiff's former employer, Al Copeland Investments, Inc. A copy of the subject group policy is attached as Exhibit "A."

4. Al Copeland Investments, Inc. established and maintained the subject long term disability plan as an employee welfare benefit plan that is subject to and governed by the

220835

Fee $350
Process
X  Dktd
CtRmDep
Doc. No

provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq*.

5. ERISA provides the exclusive federal remedies for the resolution of claims by employee benefit plan participants and beneficiaries to recover benefits from such plans. 29 U.S.C. § 1132(a)(1)(b). *See also Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41 (1987).

6. A cause of action filed in state court which is pre-empted by ERISA and comes within 29 U.S.C. § 1132(a)(1)(B) is removable to federal court pursuant to 28 U.S.C. § 1441(c), as an action arising under a federal law which would be removable if sued upon alone, even when the ERISA-related action does not appear on the face of the complaint. *See Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58 (1987).

7. This court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). As a civil action founded upon a claim of right arising under the laws of the United States, this action may be removed to this court pursuant to 28 U.S.C. § 1441(a), (b) and (c). This notice of removal is being filed within thirty days after receipt as required by 28 U.S.C. § 1446(b).

8. Copies of all pleadings, process and orders served upon petitioners in this action are appended hereto and incorporated herein by reference as Exhibit "B."

9. All fees required by law in connection with this petition have been filed by the petitioner.

WHEREFORE, Reliance Standard Life Insurance Company hereby removes the above-captioned action now pending against it in the 24th Judicial District Court, Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

TAYLOR, WELLONS, POLITZ & DUHE, APLC

PAUL J. POLITZ (#19741)
1515 Poydras Street, Suite 1900
New Orleans, LA 70112
Telephone:   (504) 525-9888
Facsimile:   (504) 525-9899

**COUNSEL FOR RELIANCE STANDARD LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 29 day of Nov., 2007, a copy of the foregoing Notice of Removal was served on all counsel of record via First Class U.S. Mail, postage prepaid, addressed as follows:

Leo M. Prange III
917 N. Causeway Boulevard
Metairie, LA 70001

Paul J. Politz, Esquire

220835