UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EMERSON SIMMONS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-9206** |
| **RELIANCE STANDARD LIFE INSURANCE COMPANY** | **SECTION: "S" (5)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Reliance Standard Life Insurance Company's motion to dismiss the complaint, which is converted to a motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, is **GRANTED**. (Document #3.) The claim for benefits under the disability policy is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. The state law claims are **DISMISSED WITH PREJUDICE** as preempted.

### I. BACKGROUND

On December 5, 2004, Emerson Simmons suffered a stroke while working for Al Copeland Investments, Inc. (Copeland). In October 2006, he fell and injured his back when a chair in this hotel room collapsed. On November 3, 2006, he was terminated from his employment as Vice-President of Development after 17 years of service because he could no

longer perform the required duties.[1]

Subsequently, Simmons filed a claim for disability benefits under the group disability insurance policy LTP-104498 issued by Reliance Standard Life Insurance Company (Reliance), and Reliance denied the claim. Simmons filed a petition for damages alleging breach of contract and seeking punitive damages for bad faith in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. Reliance removed the case to federal court, asserting federal jurisdiction under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.*

Reliance filed a motion to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to exhaust administrative remedies in a claim governed by ERISA. Because Reliance attached extra-pleading material to its motion, the court converted the Rule (12)(b)(6) motion to one for summary judgment, as provided in Rule 56, and ordered the parties to file supplemental memoranda with supporting summary judgment materials. See Fed. Rule Civ. Pro. 12(b)(6); Wright & Miller Federal Practice and Procedure: Civil 3d § 1366.

## II. DISCUSSION

**A. Legal standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805,

---

[1] On December 5, 2006, Simmons was involved in an automobile accident and suffered trauma to his vocal chords.

809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The nonmovant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

**B. ERISA disability claim**

Reliance contends that Simmons' disability claim is governed by ERISA because Reliance issued the policy to Copeland as part of the employee welfare benefit plan. Reliance argues that the complaint should be dismissed because Simmons failed to exhaust his administrative remedies as required under an ERISA plan.

Simmons alleges that his claim for disability benefits is not governed by ERISA. He argues that the language of the policy distinguishes the procedure to be followed for disability claims and retirement claims and that Reliance is attempting to apply procedures for retirement claims to his claim for disability benefits.

**1. Can a disability plan be a benefit plan under ERISA?**

As a threshold matter, the court must determine whether the disability plan can be a benefit plan regulated by ERISA. "Pursuant to ERISA, an 'employee benefit plan' includes an 'employee welfare benefit plan." Shearer v. Southwest Service Life Ins. Co., 516 F.3d 276, 278 (5th Cir. 2008); 29 U.S.C. § 1002(3). ERISA defines an "employee welfare benefit plan" as follows:

> any plan, fund, or program which was . . . established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment.

29 U.S.C. § 1002(1).

Simmons' contention that ERISA applies only to retirement benefits, not disability benefits, is not a correct statement of the law. A disability benefits plan may be governed by ERISA if other criteria are met.

**2. Is the Copeland disability plan an ERISA plan?**

Reliance contends that the disability plan meets the criteria for an ERISA plan. In order to be ERISA qualified, a plan must 1) exist, 2) fall outside the Department of Labor safe-harbor provisions, and (3) be established or maintained by the employer with the intent to benefit employees. Shearer, 516 F.3d at 279. "The safe harbor provision states that a group or group-type insurance program will not be considered an ERISA Plan if (1) the employer does not contribute to the plan; (2) participation is voluntary; (3) the employer's role is limited to collecting premiums and remitting them to the insurer; and (4) the employer receives no profit from the plan." House v. American United Life Ins. Co., 499 F.3d 443, 449 (5th Cir. 2007); 29 C.F.R. § 2510.3-1(j). "The plan must meet all four criteria to be exempt from ERISA." Id. Under the third step, the analysis involves two elements: "(1) whether the employer established or maintained the plan, and (2) whether the employer intended to provide benefits to its employees." Shearer, 516 F.3d at 279. The court focuses on the employer and its involvement

with the administration of the plan.  Id.  The purchase of an insurance policy is evidence of the establishing of a plan.  Id.  If the employer does no more than purchase insurance, "the employer has not established an ERISA plan."  Id.  Any plan under which no employees are covered is not an ERISA plan.  House, 499 F.3d at 450.  "However, a plan covering both working-owner employers or shareholders as well as employees is governed by ERISA."  Id.

Simmons does not dispute, under the first prong, that a disability plan exists.  Under the third prong, the policy is evidence that Copeland is the policyholder who established the plan.  Def.'s exh. A.  Further, all active, full-time employees and temporary employees who fall within three classifications are eligible under the plan.  Id. at 1.0.  Under the second prong, the plan falls outside the safe harbor provision because Copeland maintains responsibilities on behalf of the employees, i.e., maintaining records, distributing certificates of insurance, reporting eligibility and coverage amounts, and paying the premiums.  Id. at 3.0.  Accordingly, the Copeland disability plan meets the criteria of an ERISA plan.

**3.  Failure to exhaust ERISA claim**

Reliance argues that Simmons failed to exhaust administrative review as required by ERISA.  Simmons contends that there is no requirement that he exhaust his remedies under the long-term disability policy.  Alternatively, Simmons requests that the court dismiss the complaint without prejudice to allow him the opportunity to pursue an administrative appeal.

The disability policy provides the following procedure for a claim for benefits.  Notice of a claim must be given by Copeland to Reliance within 31 days after a total disability covered by the policy occurs.  Def.'s exh. A at 6.0.  Reliance sends the claimant a form within 15 days after

receiving notice.  Alternatively, written proof of the total disability must be sent to Reliance within 90 days after the disability occurs or as soon as it is reasonably possible, but no later than one year after the disability occurs.  Id.  Reliance serves as the claims review fiduciary and has the discretionary authority to interpret the plan and the policy.  Id.

By agreement of the insured and Reliance, a claim may be settled by arbitration.  Id.  However, "[i]n the case of a claim under an Employee Retirement Income Security Act (hereinafter referred to as ERISA) Plan, the insured's ERISA claim appeal remedies, if applicable, must be exhausted before the claim may be submitted to arbitration."  Id.

"A claimant who is denied benefits under an ERISA plan must exhaust all administrative remedies afforded by the plan before instituting litigation for recovery of benefits."  Lacy v. Fulbright & Jaworski, 405 F.3d 254 (5th Cir. 2005).  The requirement that the plan review the claim and decide whether or not to pay the benefits minimizes the number of claims filed in federal court.  Hall v. Nat'l Gypsum Co., 105 F.3d 225, 231 (5th Cir. 1997).

Although Simmons does not argue that he exhausted his administrative appeal, Reliance provides the affidavit of Richard Walsh to establish that Simmons was advised of his appellate rights and did not exhaust his remedies.  Def's Supp., exh. C.  Walsh states that, on May 15, 2007, Reliance notified Simmons that his claim for disability benefits was denied and that, if he disagreed with the decision, he could make a written request for review within 180 days.  Simmons did not appeal the denial of the claim.  On September 25, 2007, counsel for Simmons advised Reliance that he was preparing a lawsuit.  On October 11, 2007, Walsh responded to counsel that Simmons had not exhausted his appellate remedies and inquired whether counsel's

letter should be considered as an appeal request.  Counsel did not respond to Walsh's letter, and Reliance considered the claim closed.

As discussed above, the Copeland disability plan is governed by ERISA; therefore, Simmons must exhaust his appeal remedies before a lawsuit may be filed.  There is no dispute that Simmons did not seek administrative review of the denial of his claim.  Accordingly, there are no disputed issues of material fact, and Reliance is entitled to judgment as a matter of law.  Reliance's motion for summary judgment is granted, and the complaint alleging that Simmons was wrongfully denied disability benefits is dismissed without prejudice.[2]

### C.  Preemption of state law claims

Reliance moves to dismiss Simmons' claims under Louisiana law.  Reliance argues that Simmons' state law claims are preempted by ERISA because they are related to an employee benefit plan.

"ERISA's preemption of state law claims is extensive."  McNeil v. Time Ins. Co., 205 F.3d 179, 191 (5th Cir. 2000).  Section 1144(a) "preempts a state law claim if that claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan, and if that claim directly affects the relationship between traditional ERISA entities."  Id.

Simmons alleges a claim for breach of contract and seeks punitive damages for Reliance's bad faith failure to pay his disability benefits under Louisiana law.  The claims

---

[2] The dismissal without prejudice does not resolve the question whether administrative remedies are available to Simmons.

address Simmons' right to receive benefits under the terms of the ERISA disability plan because a finding for either Simmons or Reliance would affect obligations owed under the provisions of the plan.  See McNeil, 205 F.3d at 191.  Accordingly, there are no disputed issues of material fact, and the state law claims are dismissed as a matter of law as preempted.

### III. CONCLUSION

The Copeland disability plan is governed by ERISA, which requires exhaustion of administrative remedies in a claim for benefits.  Simmons has not exhausted his remedies; therefore, the claim is dismissed without prejudice.  The state law claims are preempted by ERISA and are, thereby, dismissed with prejudice.

New Orleans, Louisiana, this  19th  day of May, 2008.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**